

1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500  Main
+1 212 698 3599  Fax
www.dechert.com

WILLIAM K. DODDS

william.dodds@dechert.com
+1 (212) 698-3557  Direct
+1 (212) 314-0057  Fax

February 23, 2009

**VIA ECF & FIRST CLASS MAIL**

Hon. Denis R. Hurley
United States District Judge
United States District Court for the
  Eastern District of New York
100 Federal Plaza
Central Islip, New York  11722-4438

Re:  In re Symbol Technologies Securities Litigation, No. 05-cv-3923 (DRH)

Dear Judge Hurley:

Pursuant to Rule 3D of your Individual Practice Rules, defendants respectfully submit this letter in connection with their pending motion to dismiss the Consolidated Amended Complaint herein (the "Complaint") to bring the Court's attention to the recent decision of the United States Court of Appeals for the Second Circuit in ECA & Local 134 IBEW Joint Pension Trust of Chicago v. JP Morgan Chase Co., 553 F.3d 187 (2d Cir. 2009).  A copy of the opinion is attached.

The Second Circuit's decision in Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital Inc., 531 F.3d 190 (2d Cir. 2008), addressed in our letter of July 7, 2008, reiterated the stringent *scienter* and particularity requirements of Rule 9(b) and of Section 21D(b)(2) of the PSLRA, 15 U.S.C. § 78u-4(b)(2).  The Court made clear that it is not enough to allege generally, as plaintiff has, the facts and circumstances known to each defendant that are alleged to have provided them sufficient knowledge that statements made to investors were misleading.  ECA elaborates on the applicable *scienter* requirements, holding that the allegations must not only be specific as to the documents or other communications that put each defendant on notice but should also demonstrate that defendants were aware that the misleading statements were material. ECA involved a putative securities fraud class action brought by JP Morgan shareholders relating to disclosures concerning the bank's transactions with Enron.  Affirming dismissal below, the Court found that the plaintiffs had not provided particularized allegations demonstrating that the defendant was aware, or reckless in not knowing, that certain related party transactions were material and therefore should have been reported as such.  See ECA, 553 F.3d at 202-03.

The ECA decision bears on both theories of liability advanced by the plaintiff:  (a) that defendants' representations as to the adequacy of Symbol's internal controls with respect to its historical financial results were false in light of an alleged scheme to inflate revenues and underreport inventories; and (b) that defendants' projections of future revenues for the first and

Dechert
LLP

Hon. Denis R. Hurley
February 23, 2009
Page 2

second quarters of 2005 were fraudulent because they were developed through a forecasting system that could not yield reasonably accurate guidance.

First, as to the latter theory, defendants have shown that the Complaint lacks details sufficient to establish that any defendant was aware that the Company's revenue projections for the first two quarters of 2005 were or would be misleading – by virtue of a flawed methodology or otherwise. Nor has the plaintiff alleged, as required under ECA, that any defendant was aware that those projections were, or would be, *materially* misleading. ECA teaches that both quantitative and qualitative measures of materiality can be relevant and, in the case before it, found the small size of the transactions critical.

Although plaintiff has sought to characterize defendants' materiality arguments as merely quantitative, defendants maintain that both factors should be considered but, as ECA teaches, considered together. Here, plaintiff has alleged neither quantitative nor qualitative facts that would have put any defendant on notice that the forecasting process – taking the allegations of the Complaint as true – would result in the specific revenue projections for the first two quarters in 2005 at issue being *materially* wrong. Certainly the quantitatively modest deviation in the actual results from forecast for those two quarters would not suggest that defendants knew that the forecasts were inherently unreliable when made, even if such a theory of fraud by hindsight were permissible. And, as previously shown, use of the same forecasting process in the past had not lead to revenue short falls when the final figures came in.

In short, the generalized criticisms of the Company's forecasting process offered in the Complaint, even as to those few alleged to have been communicated to any defendant, are too conclusory to provide any quantitative or qualitative basis upon which to properly allege materiality consistent with ECA.

Second, since plaintiff never provides the details, including quantification, of the errors associated with the unspecified internal control problems alleged in the Complaint, they have not provided any basis on which to aver that any defendant knew at any particular time that those problems were so material that the various out of context statements regarding internal controls noted in the Complaint were false and misleading. See Coronel v. Quanta Capital Holdings Ltd., No. 07-cv-1405, 2009 WL 174656, *23 (S.D.N.Y. Jan. 26, 2009) (statements and certifications regarding international controls not actionable). As defendants have shown, the Company repeatedly noted that its internal controls were not perfect; plaintiff has not come forward with any evidence of material errors that would have put any defendant on notice that even greater caveats were so warranted that the failure to provide them amounted to fraud.

Third, plaintiff's Complaint repeatedly attacks similarly general statements by Symbol as to the quality of and turnaround in its corporate governance practices (Complaint ¶¶ 4, 5, 14, 21, 101, 125, 136, 159, 162). ECA, however, found that the defendant's representations regarding its risk-



management processes and its financial discipline and integrity constituted inactionable "puffery" that was "too general" to constitute material misrepresentations. Plaintiff's comparable allegations here are similarly inactionable.

Finally, ECA reiterated not only the stiff burdens of particularity and plausibility previously addressed in our Supplemental Memorandum following the Supreme Court's decisions in Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S.Ct. 2499, 2508 (2007) and Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007) but reaffirmed the continued vitality of the Second Circuit's pre-Tellabs rule mandating a particularly high standard for pleading *scienter* where, as here, there are no allegations of motive: "if Plaintiffs cannot make the 'motive' showing, then they could raise a strong inference of scienter under the 'strong circumstantial evidence' prong, 'though the strength of the circumstantial allegations must be correspondingly greater' if there is no motive." ECA, 553 F.3d at 198-99 (quoting Kalnit v. Eichler, 264.F.3d 131, 142 (2d Cir. 2001)). This rule reflects the commonsense notion that a scheme to defraud does not typically occur in the absence of a motive.

ECA, like Dynex before it, is consistent with the post-Tellabs decisions from virtually every other circuit which have dismissed complaints with more detail, plausibility and materiality than plaintiff has presented here. See, e.g., New Jersey Carpenters Pension & Annuity Funds v. Biogen IDEC Inc., 537 F.3d 35 (1st Cir. 2008); Winer Family Trust v. Queen, 503 F.3d 319 (3d Cir. 2007); Cozzarelli v. Inspire Pharmaceuticals Inc., 549 F.3d 618 (4th Cir. 2008); Indiana Elec. Workers' Pension Trust Fund IBEW v. Shaw Group, Inc., 537 F.3d 527 (5th Cir. 2008); Ley v. Visteon Corp., 543 F.3d 801 (6th Cir. 2008); Pugh v. Tribune Co., 521 F.3d 686 (7th Cir. 2008); In re Ceridian Corp. Securities Litigation, 542 F.3d 240 (8th Cir. 2008); Zucco Partners, LLC v. Digimarc Corp., ___ F.3d ___, No. 06-35758, 2009 WL 311070 (9th Cir. Feb. 10, 2009); Mizzaro v. Home Depot, Inc., 544 F.3d 1230 (11th Cir. 2008).

Accordingly, defendants respectfully submit that, in accord with the requirements articulated in ECA and the other authority previously cited, this action should be dismissed with prejudice as a matter of law.

Respectfully yours,

William K. Dodds

Attachment

cc:     Joshua B. Silverman, Esq.

13369721