

1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500 Main
+1 212 698 3599 Fax
www.dechert.com

June 30, 2015

**KATHLEEN N. MASSEY**

kathleen.massey@dechert.com
+1 212 698 3686 Direct
+1 212 698 0473 Fax

**VIA ELECTRONIC CASE FILING**

Magistrate Judge A. Kathleen Tomlinson
United States District Court
100 Federal Plaza, Courtroom 910
Central Islip, NY 11722

Re: *In re Symbol Technologies, Inc. Securities Litigation*, 05-CV-3923 (DRH-AKT)

Dear Judge Tomlinson:

On behalf of Defendants, we move pursuant to Rule III.A.1 of Your Honor's Individual Practice Rules, Rule 37(a) of the Federal Rules of Civil Procedure and Local Rule 37.3 to compel Plaintiff to produce nine memoranda relating to the Confidential Informants ("CIs") referenced in the Consolidated Amended Class Action Complaint (the "Complaint") filed on August 30, 2006, and information about the investigative process followed by Plaintiff's counsel before including allegations in the Complaint about what the CIs supposedly said in support of Plaintiff's claims.[1]

On March 4, 2014, Defendants requested that Plaintiff produce "[a]ll documents concerning the [CIs] referred to in the Complaint, including documents setting forth their knowledge, information or beliefs concerning the allegations in the Complaint." Massey Dec. ¶ 3 and Ex. A. Plaintiff refused to produce 14 interview memoranda reflecting the substance of an investigator's interviews with the CIs (the "Memos") in response to this request, on the grounds that they were protected by the work product doctrine. *Id.* at ¶¶ 4-5 and Exs. B, C & D. After Plaintiff used five of the Memos to cross examine certain CIs at their depositions, Defendants obtained copies of those Memos, but Plaintiff has refused to provide the balance of them. *Id.* at ¶¶ 7-11 and Exs. G & H. We have conferred in good faith with Plaintiff on multiple occasions regarding Plaintiff's refusal to produce all of the Memos, but we have been unable to obtain their production.[2]

The statements alleged to have been made by the CIs go to the heart of this matter. The Complaint relies heavily on facts supposedly gathered from the CIs. *See* Complaint ¶¶ 45-76, 78, 82, 84, 87, 91, 97, 100, 104, 108, 115, 124, 126, 133. Plaintiff relies *exclusively* on purported statements by the CIs to support its claim that Defendants engaged in a fraudulent scheme to inflate revenues and underreport inventories. *Id*. at ¶¶ 45-60. Plaintiff's opposition to Defendants' motion to dismiss was based largely upon allegations regarding what the CIs said. *See* Lead Plaintiff's Memorandum in Opposition to Defendant's Motion To Dismiss Consolidated Amended Class Action Complaint, Dkt. No. 47 (February 2, 2007), at pp. 3-5, 8, 15-16, 24, 28-30. Indeed, the Court based its denial of Defendants' Motion to Dismiss on these allegations. *See* Memorandum and Order, Dkt. No. 80 (Dec. 5, 2013), at pp. 9-11, 17-22.[3]

---

[1] Defendants also submit the accompanying declaration made today by me (the "Massey Dec.").

[2] Defendants have the Memos relating to CIs #1, 7, 8 and 9 and seek the Memos relating to CIs # 2-6 and 10-13.

[3] The Court also granted Plaintiff's motion for class certification based upon Plaintiff's allegations concerning "a single overarching fraudulent scheme," and Plaintiff's intention "to argue that its 'claims of



Notwithstanding the foregoing, the deposition testimony of the CIs obtained to date raises serious doubts about the basis for Plaintiff's inclusion of alleged statements by the CIs in the Complaint. Many of the CIs denied saying what the Complaint alleges they said. Massey Dec. ¶ 32. Others testified that they were not in positions that would have given them any reasonable basis to have said what they are alleged to have said.[4] *Id*. at ¶ 33. And some did not recall saying what they are alleged to have said. *Id*. at ¶ 34.

Based on our review of the five Memos we have, they raise questions on their face about their reliability.[5] The Memos indicate that only one was prepared on the same day that an interview of the CI at issue was conducted. Massey Dec. ¶ 16. The interviews were conducted by one investigator, apparently without a witness present. *Id*. The investigator does not appear to have approached the interviews in an objective manner. *Id*. Moreover, the Memos contain internal inconsistencies and do not support the allegations in the Complaint. *Id*. at ¶ 17, Exs. I & J.

The inconsistencies between the CIs' testimony, the facts alleged and the Memos call into question the investigative process that Plaintiff's counsel undertook to prepare the Complaint. Under circumstances like these, Defendants are entitled to information concerning that process. *See In re Millennial Media, Inc. Sec. Litig.*, No. 14 Civ. 7923, 2015 WL 3443918, at *6-14 (S.D.N.Y. May 29, 2015) (noting that poor investigative processes "create significant potential for inaccuracy," and are unfair to the CIs themselves). Accordingly, Defendants request that Plaintiff be compelled to produce the balance of the Memos it relied upon in drafting the Complaint. Defendants also seek a sworn statement from an attorney with personal knowledge of the investigative process explaining, with specificity and attaching all relevant correspondence and/or other relevant documentation, the circumstances under which references to each CI came to be included in the Complaint. That statement should address, for each of the thirteen CIs: (1) whether or not any attorney from Pomerantz ever spoke with that CI before the Complaint was filed; (2) whether or not any attorney from Pomerantz ever reviewed with that CI the quotes or statements attributed to him or her to make sure they were acceptable; (3) whether or not that CI consented to being identified in the Complaint; (4) whether or not that CI was informed before the filing of the Complaint that he or she could be identified in a public filing or during discovery; and (5) whether or not that CI consented to being quoted or having his or her statements attributed to him or her in the Complaint. Defendants requested that Plaintiff provide this information, but Plaintiff refused. Massey Dec. Exs. F, G & H.

The materials Defendants seek are relevant and should be produced not only because they relate to the central facts at issue in this case, but also because they would provide information about the steps that Plaintiff's counsel undertook to gather information from the CIs before including allegations

---

fraud arise out of the same . . . schemes as the rest of the putative class . . . .'" Memorandum and Order, Dkt. No. 132 (June 25, 2015), at pp. 7-9; *see also id*. at 13; Lead Plaintiff's Reply Memorandum in Further Support of Motion for Class Certification, Dkt. No. 102 (Aug. 22, 2014), at pp. 2-3.

[4] Plaintiff cannot logically argue that these CIs changed their stories in order to stay in the good graces of their former employer.

[5] As a result, we have serious concerns about the extent to which Plaintiff's counsel supervised the investigator. The information we request here would shed light on any such supervision.



about what the CIs supposedly said in the Complaint so that Defendants may determine what further relief they may be entitled to seek. *See City of Livonia Emps. Ret. Sys. & Local 295/Local 851 v. Boeing Co.*, 711 F.3d 754, 761 (7th Cir. 2013) (upholding dismissal of complaint upon motion for reconsideration of motion to dismiss where key CI denied all statements in complaint attributed to him and plaintiff's counsel had not spoken to the CI prior to filing the complaint); *Belmont Holdings Corp. v. SunTrust Banks, Inc.*, 896 F. Supp. 2d 1210, 1228 (N.D. Ga. 2012) (dismissing complaint upon motion for reconsideration to correct manifest factual error caused by plaintiff's counsel's carelessness in drafting the complaint); *In re Sony Corp. SXRD Rear Projection Television Mktg., Sales Practices & Prods. Liab. Litig.*, 268 F.R.D. 509, 521 (S.D.N.Y. 2010) (sanctioning Plaintiff's counsel after determining the statements attributed to CIs in complaint lacked evidentiary support); *see also In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 133 (S.D.N.Y. 2007) (discussing court's continuing duty to monitor adequacy of representation of class by lead plaintiff); *Jackson v. Caribbean Cruise Line, Inc.*, No. CV 14-2485, 2014 WL 6474832, at *5 (E.D.N.Y. Nov. 19, 2014) (compelling production of relevant information).

Although Plaintiff asserts that the Memos are work product, the work product doctrine does not protect against disclosure here, for two reasons. First, Defendants are entitled to the balance of the Memos, which are fact work product at best, on the basis of substantial need. FED. R. CIV. P. 26(b)(3)(A); *In re John Doe Corp.*, 675 F.2d 482, 492 (2d Cir. 1982) (holding that work product that merely "recite[d] in a paraphrased, abbreviated form, statements" made by a witness must be produced).[6] Although Defendants have been able to obtain limited information from the 12 CIs deposed to date about what they were told and how the interviews were conducted, most of the CIs did not recall any interactions with anyone relating to this lawsuit prior to the filing of the Complaint. Massey Dec. ¶ 35. Second, Plaintiff waived any such protection applicable to the Memos concerning the interviews of CIs # 4-6 and 10-12 by quoting extensively from those Memos in the Complaint. *Id.* at ¶ 18; *Gruss v. Zwirn*, No. 09 Civ. 6441, 2013 WL 3481350, at *13 (S.D.N.Y. July 10, 2013) (disclosure of excerpts of work product constitutes waiver); *Granite Partners v. Bear, Stearns & Co.*, 184 F.R.D. 49, 55 (S.D.N.Y. 1999) (use of "selected quotes" from interview notes in report provided to adversaries constituted waiver of any privilege claimed on unquoted portions of the notes).

Insofar as Plaintiff claims that the information sought is work product, Defendants disagree. Plaintiff can respond to Defendants' requests for information by answering simply yes or no. Thus, there would be no disclosure of work product. Even if there were, under the circumstances, Defendants have a legitimate need to know whether Plaintiff's counsel conducted an inquiry reasonable under the circumstances about what the CIs said before including allegations about what they said in the Complaint, and this information is solely in Plaintiff's possession.

For the reasons set forth above, Defendants' motion to compel the Memos and information should be granted.

---

[6] Despite extensive efforts, Defendants have been unable to effect service on CI #13 and therefore have substantial need of his Memo on the additional basis that he cannot be deposed prior to the close of fact discovery. *S.E.C. v. Thrasher*, No. 92 Civ. 6987, 1995 WL 46681, at *8-9 (S.D.N.Y. Feb. 7, 1995), *aff'd*, No. 92 Civ. 6987, 1995 WL 456402 (S.D.N.Y. Aug. 2, 1995).



Respectfully submitted,


 /s/ Kathleen N. Massey
Kathleen N. Massey

cc: All Counsel (via ECF)