# SWIDLER BERLIN SHEREFF FRIEDMAN, LLP

THE CHRYSLER BUILDING
405 LEXINGTON AVENUE
NEW YORK, NY 10174
TELEPHONE (212) 973-0111
FAX (212) 891-9598
WWW.SWIDLAW.COM

ANDREW J. LEVANDER
AJLEVANDER@SWIDLAW.COM
DIRECT DIAL: (212) 891-9217

WASHINGTON, DC OFFICE
THE WASHINGTON HARBOUR
3000 K STREET, NW, SUITE 300
WASHINGTON, DC 20007-5116
(202) 424-7500  FAX (202) 424-7647

November 19, 2002

**By Federal Express**
Eric Corngold, Esq.
Assistant United States Attorney
Chief, Business & Securities Fraud
United States Attorney's Office
Eastern District of New York
One Pierrepont Plaza
Brooklyn, New York 11201

**By Federal Express**
George Stepaniuk, Esq.
Assistant Regional Director
U.S. Securities & Exchange Commission
Division of Enforcement
Northeast Regional Office
233 Broadway
New York, New York 10279

Re: In the Matter of Symbol Technologies, Inc. (NY 6874-A)

Dear Messrs. Corngold and Stepaniuk:

As you are aware, we represent Symbol Technologies, Inc. ("Symbol" or the "Company"). As you are further aware, Symbol has commenced an internal investigation into its revenue recognition practices for the years ended December 31, 2000, December 31, 2001 and other periods, as well as certain other matters. Similarly, both the Staff of the Securities and Exchange Commission (the "Staff") and the United States Attorney's Office for the Eastern District of New York ("USAO") have commenced parallel investigations regarding many of these same and related issues. Consequently, Symbol, the Staff and the USAO share common interests in determining, inter alia, whether there have been any violations of the federal securities laws, whether any breach of fiduciary duties owed to the Company by any officer or director has occurred, and whether the Company's internal investigation has been unlawfully obstructed. Likewise, Symbol, the Staff and the USAO share a common interest in determining whether any individual or individuals currently or formerly associated with the Company are responsible for such violations, if any occurred, and each of the parties hereto may determine to bring such claims and to pursue such litigation as each may independently determine is

401078v3

Eric Corngold, Esq.
George N. Stepaniuk, Esq.
November 19, 2002
Page 2

appropriate based on the facts developed in their respective independent investigations of this subject matter.

Based on these common interests and pursuant to this letter agreement, Symbol hereby agrees to provide to the Staff and to the USAO various documents, reports, interview memoranda and other materials developed in its investigation, including a summary report of its investigation as well as periodic oral briefings ("Confidential Materials").

Please be advised that by producing the Confidential Materials pursuant to this agreement, Symbol does not intend to waive the protection of the attorney work product doctrine, attorney-client privilege, or any other privilege applicable as to third parties. Symbol further believes that the Confidential Materials are protected by, at a minimum, the attorney work product doctrine and the attorney-client privilege. Symbol believes that the Confidential Materials warrant protection from disclosure to third parties, and by entering into this agreement, both the Staff and the USAO seek to expedite access to the Confidential Materials without adversely affecting, waving or impairing Symbol's claims of privilege.

Accordingly, the Staff and the USAO will maintain the confidentiality of the Confidential Materials pursuant to this Agreement and will not disclose them to any third party, except to the extent that the Staff or the USAO determine this disclosure is otherwise required by law or would be in furtherance of the SEC's or USAO's discharge of their respective duties and responsibilities. The Staff and/or USAO agree to provide the Company with reasonable notice under the circumstances in the event such a determination is made; provided, however, that no such notice is required if the Staff or USAO believes such notice would interfere with the discharge of its duties.

The Staff and USAO will not assert that Symbol's production of the Confidential Materials to the Staff or the USAO constitutes a waiver of the protection of the attorney work product doctrine, the attorney-client privilege, or any other applicable privilege as to any third party. The Staff and the USAO further agree that they will not argue that the production of the Confidential Materials constitutes the waiver of any privilege. Nor will they argue that the production of the Confidential Materials waives any privilege with regard to any other documents or other materials in Symbol's possession, custody or control. Nothing herein shall limit the proper use of the Confidential Materials by the Staff and the USAO as described above.

401078v3

CONFIDENTIAL                                                                  SYMBOL EDNY 0110537

Eric Corngold, Esq.
George N. Stepaniuk, Esq.
November 19, 2002
Page 3

      Your signatures on the spaces provided below signify the parties' agreement to the terms of this letter.

Very truly yours,

*[signature]*

Andrew J. Levander

**AGREED AND ACCEPTED:**

United States Attorney's Office
Eastern District of New York

By: *[signature]*

   Eric Corngold, Esq.
   Chief, Business & Securities Fraud

**AGREED AND ACCEPTED:**

United States Securities & Exchange Commission
Division of Enforcement

By: *[signature]*

   George N. Stepaniuk, Esq.
   Assistant Regional Director

AJL/gh
cc: Leonard Goldner, Esq.

401078v3

CONFIDENTIAL

SYMBOL EDNY 0110538