**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE SYMBOL TECHNOLOGIES, INC., SECURITIES LITIGATION | ) ) ) ) Case No.: 05-cv-3923 ) (DRH-AKT) ) ) ) ) ) ) |

**LEAD PLAINTIFF'S AND DEFENDANTS' JOINT MOTION
TO LIMIT THE CLASS PERIOD**

1

Lead Plaintiff and Defendants respectfully move the Court pursuant to Rule 23(c)(1)(C) of the Federal Rules of Civil Procedure to limit the class period set forth in the class definition ordered by the Court on June 25, 2015 (Dkt. No. 132) and modified on August 3, 2015.

## BACKGROUND

Lead Plaintiff's motion in support of class certification was fully briefed on August 22, 2014, though the Court ordered it to refile, and Lead Plaintiff did so on September 29, 2014. *See* Dkt. Nos. 100-102. In its brief in support of class certification, Plaintiff moved pursuant to Rule 23(b)(3) to certify a class of purchasers of Symbol common stock during the period from April 29, 2003 through August 1, 2005. Dkt. No. 100. Defendants opposed certification of the class. Dkt. No. 101.

On June 25, 2015, the Court granted Lead Plaintiff's motion for class certification. Dkt. No. 132. In that Memorandum and Order, the Court directed Defendants to notify the Court if Lead Plaintiff's proposed class definition satisfied Defendants' concern that the definition exclude in-and-out traders from the class. In response to the Court's Order, on July 24, 2015, Defendants filed a slightly revised proposed class definition to which Lead Plaintiff did not object. Dkt. No. 136. The proposed revised class definition included:

> All purchasers of Symbol Technologies, Inc. ("Symbol") common stock during the period from April 29, 2003 through and including August 1, 2005 (the "Class Period") who were damaged thereby, excluding Defendants, officers and directors of Symbol and members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.

On August 3, 2015, the Court so ordered the amended class definition as proposed.

Now, with fact discovery and expert discovery largely completed, the evidence has shown that none of the shareholders who purchased Symbol securities from April 29, 2003 through March 11, 2004 was "damaged thereby," and the class period must be adjusted

accordingly. Based upon the extensive fact and expert discovery that has taken place and is nearly complete, the parties agree that no shareholder who purchased stock prior to March 12, 2004 suffered damages. As a result, no such shareholder has a viable claim under Section 10(b) or Section 20(a) of the Securities Exchange Act of 1934, or Rule 10b-5 promulgated thereunder.

Notice to the shareholder class has not yet been given. Accordingly, in order to ensure that the notice accurately reflects the results of discovery and that it is sent to appropriate shareholders, Lead Plaintiff and Defendants now jointly seek to limit the class period so that it includes:

> All purchasers of Symbol Technologies, Inc. ("Symbol") common stock during the period from **March 12, 2004** through and including August 1, 2005 (the "Class Period") who were damaged thereby, excluding Defendants, officers and directors of Symbol and members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.

## **LEGAL STANDARD**

Pursuant to Rule 23(c)(1)(C) of the Federal Rules of Civil Procedure, "[a]n order that grants or denies class certification may be altered or amended before final judgment." The United States Supreme Court has held that courts have discretion to modify certification orders as a case develops. *Amgen, Inc. v. Conn. Ret. Plans & Trust Funds*, __U.S.__, 133 S. Ct. 1184, 1202 n. 9 (2013) ("Rule 23 empowers district courts to 'alte[r] or amen[d]' class certification orders based on circumstances developing as the case unfolds"); *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982) ("Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation. For such an order, particularly during the period before any notice is sent to members of the class, 'is inherently tentative.'")

Courts have exercised their continuing discretion over class certification orders to modify class definitions. *See Khoday v. Symantec Corp.*, 93 F. Supp. 3d 1067, 1091 (D. Minn. 2015) (exercising court's continuing discretion over the class certification order to simultaneously

expand and shorten claim windows). That is particularly so in cases where class notice has not yet been sent. *See General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982); *Doe v. Karadzic*, 192 F.R.D. 133, 137 (S.D.N.Y. 2000).

## ARGUMENT

### I. THE COURT SHOULD MODIFY THE CLASS ORDER UNDER RULE 23

The Court should modify the time period set forth in the class definition in order to comport with the evidence. The class is defined as "[a]ll purchasers of [Symbol] common stock during the period from April 29, 2003 through and including August 1, 2005…*who were damaged thereby*." (Emphasis added.)  It has become evident to Lead Plaintiff and Defendants that the shareholders who purchased Symbol securities before March 12, 2004 did not suffer any economic loss and cannot, therefore, pursue a viable claim under the securities laws. Accordingly, Lead Plaintiff no longer seeks damages for shareholders who purchased stock prior to March 12, 2004. Lead Plaintiff's damages expert, Steven Feinstein, has opined that Lead Plaintiff only seeks damages for alleged misrepresentations and omissions during an Examination Period that he defines as beginning March 12, 2004 and ending August 1, 2005. *See* Report on Loss Causation and Damages by Professor Steven P. Feinstein dated October 30, 2015 at ¶ 3 ("I was asked by Pomerantz LLP, counsel for the Lead Plaintiff, to determine whether investors who purchased Symbol common stock during the period 12 March 2004 to 1 August 2005 (the 'Examination Period'), suffered losses as a result of the Defendants' alleged misrepresentations and omissions…"); *see also* January 14, 2016 Deposition of Steven Feinstein at 79:6-81:18; 324:3-328:21.[1]

Modifying the class period is within the Court's authority under Rule 23(c)(1)(C) and is warranted at this juncture in light of the extensive fact and expert discovery that has already taken place and is largely completed. To date, the parties have taken 31 depositions of parties,

---

[1] Relevant portions of Dr. Feinstein's expert report and the transcript of his deposition testimony are annexed to the accompanying Declaration of Kathleen N. Massey, made on June 1, 2016, filed herewith, as Exhibits A and B, respectively.

fact witnesses and confidential informants. More than 300,000 pages of documents have been produced by Defendants. Additionally, the parties exchanged expert reports and conducted 7 depositions of experts, including all experts on damages.[2]

Modification is particularly appropriate here, because class notice has not yet been provided. *See Doe v. Karadzic*, 192 F.R.D. 133, 137 (S.D.N.Y. 2000) ("Despite having endured for over seven years, this litigation remains in its 'early stages'…since class notification has not yet been provided. [] As we have not yet reached a 'late juncture' in the context of this action…any resulting prejudice…would be minimal."); *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982).

Moreover, limiting the class period will not prejudice any shareholders who purchased Symbol stock from April 29, 2003 to March 11, 2004, since they do not have actionable legal claims and did not suffer any damages in connection with any purchases made during that period.

While Rule 23 would permit the Court to amend the class definition during summary judgment, the parties ask the Court to do so now, before summary judgment motions are filed, because Lead Plaintiff is currently preparing to send notice to the class and seeks to avoid the burden, expense and potential confusion that would be associated with sending notice to shareholders who do not have actionable claims. Since briefing for summary judgment is not currently scheduled and the parties agree on the modification requested, the parties agree that it does not make sense to wait until the summary judgment phase of the case to amend the definition of the class.

Accordingly, the parties request the following modification to the class definition ordered by the Court on June 25, 2015 and modified on August 3, 2015:

---

[2] The parties have not yet completed certain additional limited expert discovery related to Symbol's customer relationship management computer systems, with two expert depositions to be completed before June 17, 2016. However, that discovery is very narrow in scope and does not appear to have any bearing on issues relating to the length of the class period.

All purchasers of Symbol Technologies, Inc. ("Symbol") common stock during the period from **March 12, 2004** through and including August 1, 2005 (the "Class Period") who were damaged thereby, excluding Defendants, officers and directors of Symbol and members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.

## CONCLUSION

For all of the aforementioned reasons, Lead Plaintiff and Defendants respectfully request that the Court modify the class definition as proposed.

Dated:  New York, New York    POMERANTZ LLP
        June 1, 2016

By: _____
    Marc I. Gross
    Jeremy A. Lieberman
    Michael J. Wernke

600 Third Avenue
New York, New York 10016
Telephone: (212) 661-1100

*Attorneys for Lead Plaintiff Iron Workers Local #580 Pension Fund and the Class*

Dated:  New York, New York    DECHERT LLP
        June 1, 2016

By: _____
    Andrew J. Levander
    Kathleen N. Massey
    Yelena Shreyberg
    Sarah Lyons

1095 Avenue of the Americas
New York, New York 10036-6797
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of June, 2016, I caused a true and correct copy of the parties' JOINT MOTION TO LIMIT THE CLASS PERIOD to be served via the Court's CM/ECF system which will automatically send email notification of such filing to the attorneys of record registered with the CM/ECF.

/s/ Kathleen N. Massey
Kathleen N. Massey

DECHERT LLP
1095 Avenue of the Americas
New York, New York 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

*Attorneys for Defendants*