**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE SYMBOL TECHNOLOGIES, INC. SECURITIES LITIGATION | ) ) ) ) ) ) ) ) ) ) ) |

Case No.: 05-cv-3923
(DRH-AKT)

<u>CLASS ACTION</u>

      **ORDER**
**PRELIMINARILY APPROVING**
**SETTLEMENT AND PROVIDING**
**FOR NOTICE**

WHEREAS, (i) Lead Plaintiff and Class Representative Ironworkers Local #580 Pension Fund ("Lead Plaintiff"), and (ii) defendants Symbol Technologies, Inc. ("Symbol"), Salvatore Iannuzzi ("Iannuzzi"), Todd Abbott ("Abbott"), James M. Conboy ("Conboy"), William R. Nuti ("Nuti") and Mark T. Greenquist ("Greenquist") (collectively, the "Defendants", and with Lead Plaintiff, the "Parties") have agreed to a settlement of all claims asserted in this Action for, among other things, a payment of $15,000,000 (Fifteen Million Dollars) (the "Settlement Amount");

WHEREAS, that Settlement was entered into through a Stipulation and Agreement of Settlement, dated April 30, 2018 (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed Settlement of the claims alleged in the SAC and provides for dismissal of the Action on the merits and with prejudice; and

WHEREAS, this Court having read and considered the Stipulation, the proposed "Notice of Proposed Settlement of Class Action" ("Notice"), the proposed "Summary Notice of Proposed Settlement of Class Action" ("Summary Notice"), the proposed Plan of Allocation for the distribution of the Net Settlement Fund among Class Members, the proposed form of the Proof of Claim and Release ("Proof of Claim"), the proposed form of the Order and Final Judgment, and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 22nd day of May , 2018, that:   DRH

1.      Unless indicated otherwise, capitalized terms used herein have the same meanings defined in the Stipulation.  For the avoidance of doubt, to the extent a definition in the Stipulation conflicts with a definition in any other settlement document, including this Order, the definition in the Stipulation shall govern.

2.      The Court hereby preliminarily approves the settlement, as embodied in the Stipulation, as being fair, reasonable and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

3.      A hearing (the "Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e) is hereby scheduled to be held before the Court on Oct. 30 2018 at 1:30 p.m. for the   DRH
following purposes:
^ in Courtroom 930

2

a. to determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

b. to determine finally whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Action on the merits and with prejudice, and to determine whether the release by the Class of the Released Persons as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to bring any Released Claims extinguished by the Settlement;

c. to determine finally whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

d. to consider the application of Lead Plaintiff's Counsel for an award of Attorneys' Fees and Expenses, and for a Compensatory Award to Lead Plaintiff;

e. to consider Class Members' objections to the Settlement, if any, whether submitted previously in writing or presented orally at the Settlement Hearing by Class Members (or by counsel on their behalf); and

f. to rule upon such other matters as the Court may deem appropriate.

4.      The Court may approve the Settlement with such modifications as may be agreed upon or consented to by the Parties and without further notice to the Class where to do so would not impair Class Members' rights in a manner inconsistent with Rule 23 and due process of law. The Court may enter its Order and Final Judgment approving the Settlement and dismissing the Action, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded Attorneys' Fees and Expenses or made a Compensatory Award to Lead Plaintiff.

5.      The Court approves the form, substance and requirements of (a) the Notice, (b) the Summary Notice, and (c) the Proof of Claim, all of which are exhibits to the Stipulation.

6.      Lead Plaintiff's Counsel has the authority to enter into the Stipulation on behalf of the Class and is authorized to act on behalf of the Class Members with respect to all acts or

consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

7.     KCC Class Action Services is appointed and approved as the Claims Administrator for the Settlement.

8.     Lead Plaintiff's Counsel, through the Claims Administrator, shall cause the Notice and Proof of Claim, substantially in the form annexed hereto, to be mailed, by first class mail, postage prepaid, within fourteen (14) calendar days of the entry of this Order, to all Class Members who can be identified with reasonable effort by the Claims Administrator. Contemporaneously with the mailing of the Notice and Proof of Claim, the Claims Administrator and Lead Plaintiff's Counsel shall cause copies of the Notice and Proof of Claim, substantially in the forms annexed hereto as Exhibit A-1 and A-3, respectively, to be posted in a downloadable form on a website specific to the Settlement, www.symboltechnologiessecuritieslitigation.com.

9.     Lead Plaintiff's Counsel is authorized to establish a Settlement Escrow Account (as defined in the Stipulation) of $15,000,000 (Fifteen Million Dollars) in accordance with the provisions of the Stipulation. In accordance with the provisions of the Stipulation, these funds may be used for reasonable out-of-pocket costs in connection with providing notice of the Settlement to the Class and for other reasonable out-of-pocket administrative expenses.  All funds held in the Settlement Escrow Account shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of this Court until such time as the funds shall be distributed or returned pursuant to the Stipulation and/or further order of the Court.

10.     The Claims Administrator is authorized and directed to prepare any tax returns and any other tax reporting forms for, or in respect of, the Gross Settlement Fund, to pay from the Gross Settlement Fund any Taxes and Tax Expenses owed with respect to the Gross Settlement Fund, and otherwise to perform all obligations with respect to Taxes and Tax Expenses and any reporting or filings in respect thereof without further order of this Court in a manner consistent with the provisions of the Stipulation.

11.     Lead Plaintiff's Counsel, through the Claims Administrator, shall also make all reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased Symbol Securities during the Class Period.  Such nominee purchasers are directed to forward copies of the Notice to their beneficial owners or to provide the Claims

Administrator with lists of the names and addresses of the beneficial owners and the Claims Administrator is ordered to send the Notice promptly to such beneficial owners.  Additional copies of the Notice shall be made available to any record holder requesting same for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Gross Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notice to beneficial owners.  A nominee's failure to transmit the Notice and Proof of Claim to a beneficial owner shall not impact whether that beneficial owner is considered a Class Member.  Nothing in this Order creates any duties, liabilities, obligations, responsibilities, or rights as between any nominee and any beneficial owner that do not already otherwise exist in contract or by law.

12.     Lead Plaintiff's Counsel shall, at least ten (10) calendar days before the Settlement Hearing, serve upon Defendants' Counsel, and file with the Court, proof of mailing of the Notice, both to Class Members and to nominees.

13.     Lead Plaintiff's Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on the *GlobeNewswire* and in print once in the *Investor's Business Daily* within twenty-one (21) calendar days after the entry of this Order. Lead Plaintiff's Counsel shall, at least ten (10) calendar days before the Settlement Hearing, serve upon Defendants' Counsel and file with the Court proof of publication of the Summary Notice.

14.     The forms and methods set forth herein of notifying the Class of the Settlement and its terms and conditions meet the requirements of the United States Constitution (including the Due Process Clause), Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and all other applicable law and rules; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto.  No Class Member will be relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.

15.     In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Class Member shall take the following action and be subject to the following conditions:

  a.  A properly completed and executed Proof of Claim must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, DRH postmarked no later than ███████████ ███ ~thirty (30) calendar days from the date of the Final Approval Hearing ████ ████.  Such deadline may be further extended by Order of the Court.  Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail), provided such Proof of Claim is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Administrator at the address designated in the Notice.

  b.  The Proof of Claim submitted by each Class Member must satisfy the following conditions:  (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph;  (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator in its discretion; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

  c.  Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient or rejected.

For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined.  Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least seven (7) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured.

d.  For the filing of and all determinations concerning their Proof of Claim, each Class Member shall submit to the jurisdiction of the Court.

16.     All Class Members who do not submit valid and timely Proofs of Claim will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Order and Final Judgment, if entered.

17.     Class Members shall be bound by all determinations and judgments in the Action, whether favorable or unfavorable, unless such person submitted a valid and timely request for exclusion in accordance with the Court's Order Establishing Program and Schedule for Class Notice (Dkt. No. 202), dated December 21, 2017, and the notice given pursuant thereto.

18.     Any person or entity that requested exclusion from the Class shall not be a Class Member, shall not be bound by the terms of the Settlement or any orders or judgments entered in this Action, and shall not receive any payment out of the Net Settlement Fund.

19.     Any Class Member that did not request exclusion from the Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, or the application for Attorneys' Fees and Expenses and any Compensatory Award to Lead Plaintiff only if such comments or objections and any supporting papers are served at least twenty (21) calendar days prior to the Settlement Hearing, upon each of the following:

*Lead Plaintiff's Counsel*

Michael J. Wernke, Esq.
Pomerantz LLP
600 Third Avenue
New York, NY 10016

*Defendants' Counsel*

Kathleen N. Massey, Esq.
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036

and the objector has (by that same date) filed said objections, papers and briefs, showing proof of service upon counsel identified above, with the Clerk of the Court, U.S. District Court, Eastern District of New York, Long Island Courthouse, 100 Federal Plaza, Central Islip, NY 11722. Attendance at the Settlement Hearing is not necessary but Persons wishing to be heard orally in opposition to the Settlement, the Plan of Allocation, and/or the application for Attorneys' Fees and Expenses or Compensatory Award to Lead Plaintiff are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and instructions pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing.  Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

20.    Any Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, or the application for an award of Attorneys' Fees and Expenses and a Compensatory Award to Lead Plaintiff.

21.    The Court may adjourn the Settlement Hearing or any adjournment thereof without any further notice other than entry of an Order on the Court's docket, to approve the Settlement without further notice to the Class, and to enter the Judgment or Alternative Judgment, regardless of whether it has approved the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and expenses.

22.    All papers in support of the Settlement, the Plan of Allocation and any application for Attorneys' Fees or Expenses or a Compensatory Award to Lead Plaintiff shall be filed and

8

served at least thirty-five (35) calendar days before the Settlement Hearing.

23.    Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and any application for Attorneys' Fees or Expenses or a Compensatory Award to Lead Plaintiff shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

24.    Defendants, Defendants' Counsel, their insurers and other Released Persons shall have no responsibility for, or liability with respect to, the Plan of Allocation or any application for Attorneys' Fees and Expenses or Compensatory Award to Lead Plaintiff submitted by Lead Plaintiff's Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

25.    Until and unless otherwise ordered by the Court, all proceedings in the Action are hereby stayed, except for proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Class Members, and each of them, and anyone acting or purporting to act for any of them, shall be enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of, any Released Claims against all Released Persons in this Court or any other court or forum.

      a.    "Released Claims" means any and all claims, rights, demands, obligations, damages, actions or causes of action, liabilities, losses or controversies of every nature and description whatsoever, including both known claims and Unknown Claims, that now exist, previously existed, or may in the future exist, whether arising under federal, state, common or foreign law or regulation, or any other law, rule, or regulation, regardless of legal or equitable theory, that arise out of, are based upon, or relate in any way directly or indirectly, in whole or in part, to the purchase or sale of Symbol Securities during the Class Period and the acts, facts, statements, or omissions that were or could have been alleged or asserted by Lead Plaintiff or any member of the Class, or the successors or assigns of any of them, in the Action or in any other

9

action in any court or forum, except that the following are expressly excluded from the definition of Released Claims: (i) all claims of any Person who opted out of this Action in accordance with the Court's Order Establishing Program and Schedule for Class Notice (Dkt. No. 202), dated December 21, 2017 and the notice given pursuant thereto; and (ii) all claims to enforce any of the terms of this Stipulation.

b. "Released Persons" means (i) Defendants and Arthur O'Donnell; (ii) the members of each of their immediate families, any entity in which any Defendant, O'Donnell or any member of their immediate family has, or had during the Class Period, a controlling interest (directly or indirectly), any estate or trust of which any individual defendant is a settlor or which is for the benefit of any individual defendant, O'Donnell and/or members of his family, (iii) for each and every Person listed in part (i) and (ii) their respective past, present and future parents, subsidiaries, divisions, departments, affiliates, stockholders, officers, directors, employees, agents, heirs, executors, advisors, auditors, insurers, counsel, underwriters, representatives, members, trustees (and the predecessors, successors, administrators and assigns of each of the foregoing) in their capacities as such.

26.     In the event the Settlement is not consummated pursuant to the terms of the Stipulation, then the Stipulation, except as otherwise provided in Section L.5 therein, including any amendment(s) thereto, and this Order, except for Paragraphs 26–28 and 31, shall be null and void, of no further force or effect, and all Parties shall be deemed to have reverted *nunc pro tunc* to their respective status prior to the execution of the Term Sheet between the Parties dated March 15, 2018, except that the terms of the Stipulation and Proposed Order, filed March 29, 2018 (Dkt. No. 208), so-ordered by the Court on April 2, 2018, which requires that the Parties confer and propose revised summary judgment briefing deadlines for approval by the Court, shall apply, and the Parties shall proceed in all respects as if the Term Sheet and the Stipulation had not been executed and the related orders had not been entered, without prejudice in any way from

the negotiation, fact, or terms of the Settlement, and preserving all of their respective claims and defenses in the Action.

27.     In the event the Settlement is not consummated pursuant to the terms of the Stipulation, the Escrow Agent shall refund the Gross Settlement Fund, less amounts already expended for Notice and Administration Expenses pursuant to the terms of the Stipulation, to Symbol within ten (10) business days thereafter.  At the request of any of the Defendants or Lead Plaintiff, the Escrow Agent or the Escrow Agent's designee shall apply for any tax refund owed to the Gross Settlement Fund and pay the percentage of the proceeds of the tax refund, after deduction of any fees and expenses incurred in connection with such application(s) for refund, to Symbol.

28.     Neither the Term Sheet, the Stipulation (including the exhibits), this Order, nor the fact of the Settlement, is an admission or concession by the Released Persons of any liability or wrongdoing whatsoever and shall not constitute a finding of the validity or invalidity of any factual allegation or any claims in the Action or of any liability or wrongdoing by any of the Released Persons.  The Term Sheet, the Stipulation, this Order, the fact of settlement, the settlement proceedings, the settlement negotiations, and any related documents, shall not be used or construed as an admission of any factual allegation, fault, liability, or wrongdoing by any person or entity, and shall in no event be offered or received in evidence as an admission, concession, presumption, or inference against any Released Person in any action or proceeding of any nature, or otherwise be referred to or used in any manner in or before any court or other tribunal, except in such proceeding as may be necessary to enforce the Stipulation.

29.     Notwithstanding the foregoing Paragraph 28, the Parties and other Released Persons may file or refer to this Order, the Stipulation, the Term Sheet, the Order and Final Judgment, and/or any Proof of Claim: (a) to effectuate the liability protections granted hereunder or thereunder, including without limitation, to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or

counterclaim; (b) to obtain a judgment reduction under applicable law; (c) to enforce any applicable insurance policies and any agreements relating thereto; or (d) to enforce the terms of the Stipulation and/or the Order and Final Judgment.

30.     The Court retains exclusive jurisdiction over the action to consider all further matters arising out of, or relating to, the Settlement, including by way of illustration and not limitation, any dispute concerning any Proof of Claim filed by any Class Member and any future requests by one or more of the Parties that the Order and Final Judgment and/or the permanent injunction set forth in the Stipulation be enforced.

31.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement and be binding on the Parties, including but not limited to the Stipulated Protective Order on Confidentiality filed on March 3, 2014 (ECF No. 85).

32.     Any statement to the press must be agreed upon in advance by the Parties and made on behalf of all Parties.

Dated:  May 22        , 2018

                                          /s/ Denis R. Hurley
                                          _____
                                          HON. DENIS R. HURLEY
                                          UNITED STATES DISTRICT JUDGE