**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE SYMBOL TECHNOLOGIES, INC. SECURITIES LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No.: 05-cv-3923 (DRH-AKT)<br><br>CLASS ACTION<br><br>**FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

On the 30th day of October, 2018, a hearing having been held before this Court to determine, among other things: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated April 30, 2018 (the "Stipulation"), including a payment of $15,000,000 (Fifteen Million Dollars) (the "Settlement Amount"), are fair, reasonable, and adequate for the settlement of all claims asserted in this Action by the Class against Symbol Technologies, Inc., Salvatore Iannuzzi, Todd Abbott, James M. Conboy, William R. Nuti and Mark T. Greenquist (collectively, the "Defendants"); (2) whether judgment should be entered dismissing the Action with prejudice; (3) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among the Class Members; (4) whether and in what amount to award Lead Plaintiff's Counsel Attorneys' Fees and Expenses; and (5) whether and in what amount to award a Compensatory Award to Lead Plaintiff; and

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that the Notice substantially in the form approved by the Court in the Court's Order Preliminarily Approving Settlement and Providing For Notice ("Preliminary Approval Order") was mailed to all reasonably identifiable potential Class Members and posted to the website of the Claims Administrator, both in accordance with the Preliminary Approval Order and the specification of the Court; and

It appearing that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with the Preliminary Approval Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Unless indicated otherwise, capitalized terms used herein have the same meanings defined in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Action, Lead Plaintiff, all Class Members, and Defendants.

3. Excluded from the Class are those Persons who filed valid and timely requests for exclusion in accordance with the Court's Order Establishing Program and Schedule for Class

Notice (Dkt. No. 202), dated December 21, 2017, and the notice given pursuant thereto, as set forth in Exhibit A hereto.

4. In accordance with the Preliminary Approval Order, the Court hereby finds that the forms and methods of notifying the Class of the Settlement and its terms and conditions met the requirements of the United States Constitution (including the Due Process Clause), Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and all other applicable law and rules; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all Persons entitled to such notice. No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged and that the statutory waiting period has elapsed. Thus, it is hereby determined that all members of the Class are bound by this Order and Final Judgment, except those persons listed on Exhibit A to this Order and Final Judgment.

5. Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, the Court hereby approves the Settlement as fair, reasonable and adequate, and in the best interests of the Class, in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims provided for herein). Lead Plaintiff and Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

6. The Action and all claims contained therein are hereby dismissed with prejudice as against Defendants and the other Released Persons. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

7. The Releases set forth in the Stipulation, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that: Lead Plaintiff and the Class Members hereby release and forever discharge the Released

Persons from any and all Released Claims. Lead Plaintiff and the Class Members are hereby permanently and forever enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of the Released Claims against the Released Persons, as set forth in the Stipulation.

8. Accordingly, to the full extent provided by Section 21D(f)(7)(A) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(f)(7)(A), and other applicable law, the Court hereby bars all Released Claims against and by the Released Persons as provided herein and in the Stipulation.

9. The Court further orders that, as of the Effective Date, each of the Defendants hereby releases and forever discharges each and every one of the Released Defendants' Claims as against Lead Plaintiff, Class Members, or their attorneys, including but not limited to claims for malicious prosecution or sanctions except with respect to claims to enforce any of the terms of the Stipulation.

10. Lead Plaintiff's Counsel are awarded attorneys' fees in the amount of $4,500,000.00 and expenses, including experts' fees and expenses, in the amount of $1,108,172.22, such amounts to be paid out of the Gross Settlement Fund no later than ten (10) calendar days following the entry of this Order.

11. Lead Plaintiff is awarded the sum of $15,000.00, as reasonable costs and expenses directly relating to the representation of the Class as provided in 15 U.S.C. § 78u-4(a)(4), such amounts to be paid from out of the Gross Settlement Fund no later than ten (10) calendar days following the entry of this Order.

12. If, and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the foregoing Attorneys' Fees and Expense award is overturned or lowered, or if the Settlement is terminated or is not approved by the Court, or if there is an appeal and any order approving the Settlement does not become Final and binding upon the Class, then, within thirty (30) calendar days after such an order from a court of appropriate jurisdiction, Lead Plaintiff's Counsel shall refund to the Gross Settlement Fund the Attorneys' Fees and Expense award previously paid to them from the Gross Settlement Fund, or any amount by which such award was lowered, plus interest thereon at the same rate as earned on the Gross Settlement Fund. Lead Plaintiffs' Counsel, as a condition of receiving attorneys' fees and

expenses, on behalf of itself and each partner and/or shareholder of it, shall be subject to the jurisdiction of the Court for the purpose of enforcing this Stipulation, and shall be liable for repayment of the Attorneys' Fees and Expenses previously paid to Lead Plaintiff's Counsel in an amount consistent with any such reversal or reduction, as well as accrued interest thereon. Upon application of Symbol or Defendants' Counsel, the Court may summarily issue orders, including, without limitation, judgments and attachment orders, and may make appropriate findings of or sanctions for contempt against Lead Plaintiff's Counsel or any of its partners and/or shareholders should Lead Plaintiff's Counsel fail timely to repay fees and expenses pursuant to this Paragraph 10.

13. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Class Members, and Lead Plaintiff's Counsel and the Claims Administrator are directed to administer the Plan of Allocation in Accordance with its terms and the terms of the Stipulation.

14. The Court finds that all parties and their counsel have complied with all requirements of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

15. Neither this Order and Final Judgment, the Preliminary Approval Order, the Stipulation (including the exhibits thereto), the Term Sheet, nor any of the negotiations, documents or proceedings connected with them shall be:

    a. referred to or used against the Released Persons or against Lead Plaintiff or the Class as evidence of wrongdoing by anyone;

    b. construed against the Released Persons or against Lead Plaintiff or the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

    c. construed as, or received in evidence of, an admission, concession or presumption against the Class or any of them, that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Amount; or

    d. used or construed as an admission of any fault, liability or wrongdoing by any person or entity, or offered or received in evidence as an admission,

5

concession, presumption or inference against any of the Released Persons in any proceeding other than such proceedings as may be necessary to consummate or enforce the Stipulation.

16. Notwithstanding the foregoing Paragraph 15, the Parties and other Released Persons may file or refer to this Order and Final Judgment, the Stipulation, Preliminary Approval Order, and/or any Claim Form: (a) to effectuate the liability protections granted hereunder or thereunder, including without limitation, to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; (b) to obtain a judgment reduction under applicable law; (c) to enforce any applicable insurance policies and any agreements relating thereto; or (d) to enforce the terms of the Stipulation and/or this Order and Final Judgment.

17. Except as otherwise provided herein or in the Stipulation, all funds held in the Settlement Escrow Account shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the Stipulation and/or further order of the Court.

18. Exclusive jurisdiction is hereby retained over the Parties for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Stipulations, Settlement, Preliminary Approval Order, and this Order and Final Judgment, and any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Class Members.

19. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions in the Stipulation.

20. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

21. The finality of this Order and Final Judgment shall not be affected, in any manner, by any appeals concerning the Attorneys' Fees and Expenses awarded herein, the Compensatory Award to Lead Plaintiff, or the Plan of Allocation.

22. In the event that the Settlement does not become Final and effective in accordance with the terms and conditions set forth in the Stipulation, then the Stipulation, except as otherwise provided in Section L.5 therein, including any amendment(s) thereto, the Preliminary Approval Order, except for Paragraphs 26–28 and 31 thereof, and this Order and Final Judgment, except for Paragraphs 10, 14, and 21–23 shall be rendered null and void of no further force or effect, and all Parties shall be deemed to have reverted *nunc pro tunc* to their respective status prior to the execution of the Term Sheet between the Parties dated March 15, 2018, except that the terms of the Stipulation and Proposed Order, filed March 29, 2018 (Dkt. No. 208), so-ordered by the Court on April 2, 2018, which requires that the Parties confer and propose revised summary judgment briefing deadlines for approval by the Court, shall apply, and the Parties shall proceed in all respects as if the Term Sheet and the Stipulation had not been executed and the related orders had not been entered, without prejudice in any way from the negotiation, fact, or terms of the Settlement, and preserving all of their respective claims and defenses in the Action.

23. In the event the Settlement does not become Final and effective in accordance with the terms and conditions set forth in the Stipulation, the Escrow Agent shall refund the Gross Settlement Fund, less amounts already expended for Notice and Administration Expenses pursuant to the terms of the Stipulation, to Symbol within ten (10) business days thereafter. At the request of any of the Defendants or Lead Plaintiff, the Escrow Agent or the Escrow Agent's designee shall apply for any tax refund owed to the Gross Settlement Fund and pay the percentage of the proceeds of the tax refund, after deduction of any fees and expenses incurred in connection with such application(s) for refund, to Symbol.

24. All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement and be binding on the Parties, including but not limited to the Stipulated Protective Order on Confidentiality filed on March 3, 2014 (ECF No. 85).

25. Any statement to the press must be agreed upon in advance by the Parties and made on behalf of all Parties.

Dated: October 30, 2018

                                            /s/ Denis. R. Hurley  
                                      HON. DENIS R. HURLEY  
                                      UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## List of Persons and Entities Excluded from the Class Pursuant to Request

1. Brian R. Pabst
   Baldwin, MD

2. John J. Sabbagh
   Methuen, MA

3. Beverly A Watral JT TEN Richard J Watral
   Higganum, CT

4. Phylis Patterson
   Cape Coral, FL

5. In Sik Oh
   Kyungki-do, Seongnam-Si
   Korea

6. Wilma M. Carter
   Gillette, WY

7. Rosemary B. McDaniel
   Trenton, FL

8. Nicholas Anthony Mosca
   Fountain Hills, AZ

9. Antonio R. Alves
   S. Richmond Hl, NY

10. Billie J. Rogers
    Owensboro, Kentucky

11. Jane B. Williams
    Marietta, GA