**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE SYMBOL TECHNOLOGIES, INC. SECURITIES LITIGATION | Case No.: 05-cv-3923 (DRH-AKT) |

**ORDER GRANTING AUTHORIZATION TO DISTRIBUTE**
**THE NET SETTLEMENT FUND**

Lead Plaintiff and Class Representative Iron Workers Local #580 Pension Fund ("Plaintiff"), through their Counsel, moved this Court for an order approving the Distribution Plan in the above-captioned class action (the "Action"). Having reviewed and considered all the materials and arguments submitted in support of the motion, including the Declaration of Justin R. Hughes Regarding (A) Mailing of the Notice Packet; (B) Administration of Received Claims; and (C) Proposed Distribution of Settlement Fund ("Hughes Declaration"):

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.  This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated April 30, 2018 (ECF No. 211) (the "Stipulation") and the Hughes Declaration, and all terms used herein shall have the same meanings as set forth in the Stipulation and the Hughes Declaration.

2.  This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3.  The proposed plan for distributing the Net Settlement Fund (the "Distribution Plan") as set forth in the Hughes Declaration to Authorized Claimants is **APPROVED**. Accordingly:

(a) The administrative recommendations of the Court-approved Claims Administrator, Kurtzman Carson Consultants LLC ("KCC" or "Claims Administrator") to accept the Timely Eligible Claims set forth in Exhibit B-1 to the Hughes Declaration and the Late But Otherwise Eligible Claims set forth in Exhibit B-2 to the Hughes Declaration, are adopted;

(b) The Claims Administrator's administrative recommendations to reject wholly ineligible Claims as set forth in Exhibit B-3 to the Hughes Declaration are adopted;

(c) KCC is directed to distribute 100% of the Net Settlement Fund, after deducting all payments previously allowed and the payments approved by the Court in this Order, and after deducting payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, to Authorized Claimants who would receive at least $10.00 based on their *pro rata* share of the Net Settlement Fund, which is based on each Authorized Claimant's Recognized Claim as compared to the Total Recognized Claims of all Authorized Claimants as set forth paragraph 38 of the Hughes Declaration (the "Distribution") and the Court-approved Plan of Allocation;

(d) In order to encourage Authorized Claimants to promptly cash their checks, all Distribution checks shall bear the following notation: "CASH PROMPTLY. VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED 60 DAYS AFTER ISSUE DATE";

(e) Authorized Claimants who do not cash their Distribution checks within the time allotted or on the conditions set forth in paragraph 38 or footnote 6 of the Hughes Declaration shall irrevocably forfeit all recovery from the Settlement, and the funds

2

allocated to all such stale-dated checks shall be available to be re-distributed to other Authorized Claimants, if Class Counsel, in consultation with KCC, determine that it is cost effective to conduct a second distribution. Similarly, Authorized Claimants who do not cash their second or subsequent distributions (should such distributions occur) within the time allotted or on the conditions set forth in paragraph 38 and footnote 6 of the Hughes Declaration shall irrevocably forfeit any further recovery from the Net Settlement Fund;

(f) If any funds remain in the Net Settlement Fund after the Initial Distribution because of uncashed checks or otherwise, then, after KCC has made reasonable and diligent efforts to have Authorized Claimants cash their distribution checks (which efforts shall consist of the extensive follow-up efforts described in paragraph 38 and footnote 6 of the Hughes Declaration), any balance remaining in the Net Settlement Fund three (3) months after the Initial Distribution, or as reasonably soon thereafter, shall, if Class Counsel, in consultation with KCC, determine it to be cost-effective to do so, be used in the following fashion: (a) first, to pay any amounts mistakenly omitted from the Initial Distribution; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of Class Counsel as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution. Additional re-distributions, after deduction of costs and expenses as described above and subject to

the same conditions, may occur until Class Counsel, in consultation with KCC, determine that further re-distribution is not cost effective;

(g)     At such time as Class Counsel, in consultation with KCC, determine that the redistribution of funds remaining in the Net Settlement Fund is not cost-effective, if sufficient funds remain to warrant the processing of Claims received after April 25, 2019, such Claims will be processed, and any such Claims that are otherwise valid as well as any earlier received Claims for which an adjustment was received after April 25, 2019, which resulted in an increased Recognized Claim will be paid in accordance with subparagraph (h) below. If any funds shall remain in the Net Settlement Fund after payment of such late or late adjusted Claims, such balance shall be donated in equal amounts to the Investor Justice Clinic at the University of San Francisco School of Law and the Investor Advocacy Clinic Program at Pepperdine University School of Law.

(h)     No new Claims shall be accepted after April 25, 2019, and no further adjustments to Claims received on or before April 25, 2019 that would result in an increased recognized claim amount shall be made for any reason after April 25, 2019, subject to the following exception. If Proofs of Claim are received or modified after April 25, 2019 that would have been eligible for payment or additional payment under the Plan of Allocation if timely received then, at the time that Lead Counsel, in consultation with KCC determines that a re-distribution is not cost effective as provided in subparagraph (f) above, after the payment of any unpaid fees or expenses incurred in connection with administering the Net Settlement Fund and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, such claimants, at the discretion of Lead Counsel, may be paid their distribution amounts or

4

additional distribution amounts on a *pro rata* basis that would bring them into parity with other Authorized Claimants who have cashed all their prior distribution checks to the extent possible;

(i) All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claim Forms submitted in this Action, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are hereby released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they receive payment from the Net Settlement Fund, are hereby barred from making any further Claims against the Net Settlement Fund, Plaintiff, Class Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Plaintiff or Class Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or any other person released pursuant to the Settlement beyond the amounts allocated to Authorized Claimants;

(j) All of KCC's fees and expenses incurred in connection with the administration of the Settlement and estimated to be incurred in connection with the are approved, and Class Counsel is directed to pay $247,044.78 out of the Settlement Fund to KCC; and

(k) Unless otherwise ordered by the Court, one year after the Initial Distribution KCC shall destroy the paper copies of the Proofs of claim and all supporting documentation and, three years after all funds have been distributed, KCC shall destroy electronic copies of the same.

4.       This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate.

IT IS SO ORDERED.

DATED: __June 12_____, 2019

s/ Denis R. Hurley

The Honorable Denis R. Hurley
United States District Judge